LAW OFFICES OF SAMUEL M. BREGMAN
23 MAPLEWOOD TERRACE
LAKEWOOD, NEW JERSEY 08701
(646) 761-8927
Attorneys for Plaintiff

| | |
|---|---|
| JASON FAZZARO,<br><br>    Plaintiff,<br><br> vs.<br><br>TOWNSHIP OF PLAINSBORO,<br>CORPORAL THOMAS NEWBON,<br>CORPORAL RUSSELL FINKELSTEIN,<br>AND JOHN DOES 1-10,<br><br>    Defendants. | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

  Plaintiff Jason Fazzaro, by way of Complaint against Defendants Township of Plainsboro, Corporal Thomas Newbon, and Corporal Russell Finkelstein, says:

### THE PARTIES

  1. Plaintiff Jason Fazzaro ("Fazzaro" or "Plaintiff") is a resident of 193B Plainsboro Road, Cranbury, New Jersey.

  2. Defendant Township of Plainsboro ("Plainsboro") is a municipal corporation organized and existing under the laws of the State of New Jersey, which maintains its principal offices at 641 Plainsboro Road, Plainsboro, New Jersey 08536.

3. Defendant Corporal Thomas Newbon ("Newbon") was at all material times a police officer with the Township of Plainsboro Police Department located at 641 Plainsboro Road, Plainsboro, NJ 08536. Newbon is being sued both individually and in his official capacity as police officer, agent and/or employee of the defendant, Township of Plainsboro.

4. Defendant Corporal Russell Finkelstein ("Finkelstein") was at all material times a police officer with the Township of Plainsboro Police Department located at 641 Plainsboro Road, Plainsboro, NJ 08536. Finkelstein is being sued both individually and in his official capacity as police officer, agent and/or employee of the defendant, Township of Plainsboro.

5. John Does 1-10 represent members of the Plainsboro Police Department who are unidentifiable at the present time.

## JURISDICTION

6. This Court has jurisdiction over the Federal Law claims pursuant to 28 U.S.C. §§1331 and 1343.

7. Venue is proper under 28 U.S.C. §1391 because the causes of action upon which the Complaint is based arose in and around Plainsboro, New Jersey, which is in the District of New Jersey, Trenton Vicinage.

## FACTUAL BACKGROUND

8. Mr. Fazzaro was initially classified pre-school handicapped at age 3. He began attending kindergarten with a multiply disabled classification. Delays were severe in the areas of communication and learning. He was diagnosed with an IQ score of 83.

9. On August 10, 2014, Mr. Fazzaro was driving in the morning on Plainsboro Road when he was stopped by Police Corporal Newbon.

10. Forced to the side of the road, Corporal Newbon asked Mr. Fazzaro to step out of his vehicle and accused Mr. Fazzaro of driving under the influence of alcohol.

11. Mr. Fazzaro denied that he had consumed any alcohol. He explained that he had a speech problem. Newbon misperceived the effects of Mr. Fazzaro's disability as criminal activity.

12. Ignoring this explanation, Newbon demanded that Mr. Fazzaro submit to a portable breath test. Mr. Fazzaro consented and the test revealed no traces of alcohol.

13. Frustrated by the lack of a positive alcohol test, Newbon arrested Mr. Fazzaro anyway. Newbon arrested Mr. Fazzaro without any resistance, and proceeded to place handcuffs on him.

14. The handcuffs were extraordinarily tight and painful, causing excruciating pain. Newbon ignored the pain that the handcuffs caused Mr. Fazzaro and transported Mr. Fazzaro to the Plainsboro Police Station.

15. At the Station, Newbon conducted another breath test on Mr. Fazzaro to check for traces of alcohol. Once again, the test revealed no traces of any alcohol. Newbon grew visibly angry and frustrated by these test results which undermined the arrest.

16. To avoid feeling embarrassed and in order to find some valid reason to arrest Mr. Fazzaro, Newbon turned Mr. Fazzaro over to Corporal Russell Finkelstein who proceeded to conduct a Drug Influence Evaluation and urine test.

17. In Corporal Finkelstein's evaluation, he noted Mr. Fazzaro's coordination as "figity" and described his speech as "slow, slurred, lisp." Finkelstein asked Mr. Fazzaro if he

consumed alcohol or drugs.  Mr. Fazzaro replied that he did not engage in the consummation of any alcohol or drugs because his birth-mother was an alcoholic and drank while she was pregnant with him (he was adopted).  Mr. Fazzaro also explained that he had a speech problem.  Finkelstein misperceived the effects of Mr. Fazzaro's disability as criminal activity.

18. Corporal Finkelstein failed to find Mr. Fazzaro under the influence of any alcohol or drugs. Feeling desperate to find Mr. Fazzaro guilty of some offense, Corporal Finkelstein asked Mr. Fazzaro about his hobbies to which Mr. Fazzaro said that he liked riding dirt bikes and working on model airplanes.  Based on these responses, Corporal Finkelstein wrongfully concluded that Mr. Fazzaro was under the influence of inhalants from gasoline or glue.

19. As a result, Mr. Fazzaro was booked for DUI (Driving Under the Influence) as well as four (4) other tickets.  A criminal complaint was also filed against him for being under the influence of CDS.

20. Such arrest and booking was unlawful as there was no legal basis for Mr. Fazzaro to be arrested for DUI since he was not under the influence of any alcohol, drugs, or unlawful substances.  Furthermore, the urine test conducted by Corporal Finkelstein ultimately revealed no traces of alcohol, drugs, or unlawful substances.

21. At all material times, defendants Police Corporal Newbon and Finkelstein acted within the course and scope of their employment under the color of state law and pursuant to the customs, policies and practices of the Township of Plainsboro Police Department, and the defendant, Township of Plainsboro.

22. As a direct and proximate result of the unlawful arrest and being tightly handcuffed without relief, Mr. Fazzaro suffered permanent injury to his hands and has been forced to undergo medical treatment.

23. As a direct and proximate result of the aforementioned acts and conduct of the defendants, Mr. Fazzaro sustained emotional and psychological injuries.

## FIRST COUNT

24. Paragraphs 1 through 23 are incorporated herein by reference, as though each were fully set forth herein at length.

25. As aforesaid, defendants, Officers Finkelstein and Newbon, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Township of Plainsboro; deprived Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the State of New Jersey and the United States; in particular, the right to be free from the use of excessive force, malicious prosecution, false arrest, and false imprisonment, which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

26. As aforesaid, defendants, Officers Finkelstein and Newbon, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Township of Plainsboro, intentionally and maliciously humiliated, threatened, accused and insulted Plaintiff, and used their position of authority illegally and improperly to punish the Plaintiff, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

27. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, the Plaintiff suffered substantial injuries.

28. The above-described actions of the Officers Finkelstein and Newbon, in their individual capacities, were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

## SECOND COUNT

29. Paragraphs 1 through 28 are incorporated herein by reference, as fully as though each were set forth herein at length.

30. Defendants were present when the Plaintiff's constitutional rights were violated by false arrest.

31. The Defendants knew or should have known that the Plaintiff had not violated the law. The Defendants misperceived the effects of Mr. Fazzaro's disability as criminal activity and placed him under arrest in violation of the Plaintiff's rights under the United States and New Jersey Constitutions.

32. Without probable cause, the Defendants unlawfully detained Plaintiff and deprived him of his personal liberty and resulting in substantial damage.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

### THIRD COUNT

33. Paragraphs 1 through 32 are incorporated herein by reference, as fully as though each were set forth herein at length.

34. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

36. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Township of Plainsboro.

37. As a result of this violation, Plaintiff suffered substantial harm and damage.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

### FOURTH COUNT

38. Paragraphs 1 through 37 are incorporated herein by reference, as fully as though each were set forth herein at length.

39. Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

40. The Defendant Officers identified above accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

41. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

43. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries including pain and suffering.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

### FIFTH COUNT

44. Paragraphs 1 through 43 are incorporated herein by reference, as fully as though each were set forth herein at length.

45. Defendants were present when the Plaintiff's constitutional rights were violated by the use of excessive force.

46. The defendants knew or should have known the tight handcuffing of Plaintiff and refusal to loosen the handcuffs constituted excessive force in violation of the Plaintiff's rights under the United States and New Jersey Constitutions.

47. The defendants had a realistic opportunity to intervene and to prevent the violation of the Plaintiff's constitutional rights, but failed to do so.

48. Defendants maliciously, intentionally, recklessly and with deliberate indifference failed to intervene and halt the constitutional conduct of any and all of the above named defendants, resulting in Plaintiff sustaining substantial damage.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

## SIXTH COUNT

49. Paragraphs 1 through 48 are incorporated herein by reference, as fully as though each were set forth herein at length.

50. Plaintiff avers that the defendant, Township of Plainsboro, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or acquiescing the use of excess force; false arrest, false imprisonment, and malicious prosecution, specifically in instances of an arrestee's disability, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the

State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

51. The Plaintiff avers that defendant, Township of Plainsboro, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline officers, including but not limited to Officers Finkelstein and Newbon, regarding the use of excess force; false arrest, false imprisonment, and malicious prosecution, specifically in instances of an arrestee's disability, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

52. The defendant, Township of Plainsboro, has been deliberately indifferent to the rights of citizens in the area to be free from the use of excess force; false arrest, false imprisonment, and malicious prosecution, specifically in instances of an arrestee's disability, which deliberate indifference violates the Plaintiff's rights under violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

53. The Plaintiff avers that at the time of the aforementioned incident, the Township of Plainsboro knew or should have known of the above described policy, practice and/or custom of the Township of Plainsboro Police Department, and that they deliberately, knowingly, and recklessly failed to take measures to stop or limit the policy, including inter alia, providing proper training, supervision, discipline, and control of the officers, agents, and/or employees of the Township of Plainsboro Police Department.

54. The Plaintiff avers that the defendant, Township of Plainsboro, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which officers unlawfully use excessive force; falsely arrest, falsely imprison, and maliciously prosecute, specifically in instances of an arrestee's disability, which allows for and results in an encouragement to officers within the Township of Plainsboro to continue doing same, and creates policies, practices and/or customs allowing officers to proceed in this manner and creates an atmosphere for the allowance of such unlawful conduct by members of the Township of Plainsboro Police Department without fear or punishment.

55. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, Township of Plainsboro condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

56. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, Township of Plainsboro, Plaintiff suffered substantial injuries and harm.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

## SEVENTH COUNT

57. Paragraphs 1 through 56 are incorporated herein by reference, as fully as though each were set forth herein at length.

58. Plaintiff is a qualified disabled individual under the Americans with Disability Act (42 USC 12101 et seq) and the Rehabilitation Act (29 USC 794).

59. Defendant Township of Plainsboro constitutes a public entity that discriminated against and denied benefits to Plaintiff by illegally arresting him and charging him for actions that were not criminal but were instead caused by his disability.

60. Defendants denied Plaintiff reasonable accommodation and discriminated against him for his disability by wrongfully arresting him due to his disability, which lead to substantial harm and damage.

61. Defendants denied Plaintiff reasonable accommodation and discriminated against him for his disability by wrongfully detaining him due to his disability, which lead to substantial harm and damage.

62. Defendants denied Plaintiff reasonable accommodation and discriminated against him for his disability by wrongfully prosecuting him due to his disability, which lead to substantial harm and damage.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against the defendants plus interest, costs, attorney's fees, and other appropriate relief.

                                                                       Law Offices of Samuel M. Bregman
                                                                       Attorneys for Plaintiff

                                                                       _____s/Samuel Bregman_____
                                                                       By:   Samuel M. Bregman

Dated: June 29, 2016